Filed 3/20/26  P. v. Krystal CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ALAN MICHAEL KRYSTAL,<br><br>     Defendant and Appellant. | D086153, D086444<br><br><br>(Super. Ct. No. SCN377993) |

APPEALS from judgments of the Superior Court of San Diego County, Daniel F. Link, Judge.  Affirmed.

Alan Michael Krystal, in pro. per.; and Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal is from an order denying a petition to declare the appellant to be factually innocent of the offense in this case under Penal Code[1] section 851.8, subdivision (p).

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

In 2017, Alan Michael Krystal was arrested for one count of felony hit and run (Veh. Code, § 20001, subd. (a)). After a preliminary hearing in May 2018, the offense was reduced to a misdemeanor.

In April 2019, the court granted Krystal's motion for military diversion under section 1001.80. In September 2020, the court found Krystal had successfully completed diversion and dismissed the case.

In November 2024, Krystal filed a petition to determine factual innocence under section 851.8. The court held a hearing in February 2025 and denied the petition.

Krystal thereafter filed a motion for reconsideration and a renewed motion for a certificate of factual innocence. The various motions to strike and the renewed request for a certificate were all denied.

Krystal filed two notices of appeal, which we have consolidated into a single appeal.

Appellate counsel has filed a brief in accordance *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*.

We offered Krystal the opportunity to file his own brief on appeal. He responded with a 50-page brief in which he essentially seeks to retry the case and substitute his choice of inferences for those of the trial court. He argues counsel was ineffective for failing to present evidence and make arguments that he now seeks to offer. He further contends the magistrate's decision to reduce the offense to a misdemeanor is proof the magistrate thought he was innocent. While Krystal is undoubtedly passionate about his case, he has not identified any arguable issue for reversal on appeal.

2

Appellate counsel has provided a useful summary of the facts presented in the trial court. We will include that statement in this opinion to provide context for this appeal.

**The Prosecution Case[2]**

As a result of a car accident in 1990, David Lee is unable to walk. He regularly rides his low-riding hand bike, which is about three feet high, using his hands to pedal.

On September 14, 2017, Lee was riding his hand bicycle at about 10 or 12 miles an hour in the middle bike lane, all the way to the right of the road, when a car hit him, pushing him about 10 feet. Lee was wearing a seat belt. The rear wheel of his bike was trashed and destroyed, which cost about $12,000 to repair. Officer Kyle Deluca saw damage to the right front corner of Krystal's car and scrape marks along the right rear passenger door. Officer Deluca thought that the damage to Lee's bicycle and Krystal's car was consistent with the collision that witnesses described. Megan T. saw significant damage to the right passenger back area. Officer Deluca reviewed a video that was on Lee's bicycle, aimed to the rear. It showed a dark model vehicle, matching the description of Krystal's car, striking Lee from the rear of his bike. The car that hit Lee did not stop.

Megan, who was about three car lengths behind Krystal, observed Krystal's vehicle slowly veer to the right a couple of feet and hit Lee, who was in the bike lane. Krystal's vehicle over-corrected, spinning and turning sharply to the left, then continued driving north without stopping. Megan saw Krystal in his grey Acura and got a partial license plate. Megan followed Krystal's car, whose lights were flashing, as he passed through three

---

[2]    This is taken from the preliminary hearing of May 16, 2018.

stoplights. At first, Megan did not want to call and report Krystal if he was just waiting to get to a safe place to turn around. After Krystal passed through the third light and continued driving north, Megan called 911 and turned around to go back to the accident. Officer Matthew Bowen stopped Krystal's car, which matched the description of the suspect vehicle and the partial license plate given by a witness.

Within 20 minutes, the police asked Megan to see if she could identify Krystal as the driver. The police took Megan to where Krystal was detained about 1.5 miles away, and she identified Krystal as the driver of the car that hit Lee.

At 12:53 p.m., Officer Deluca responded to a 911 call about the traffic accident. At 12:49 p.m., Krystal had sent a message on his cell phone.

Lee told the police he did not need medical treatment. Lee said he had some scrapes, but because he was paraplegic, he did not know if he had any other injuries. Lee was in shock, and about two to three hours later, he felt neck pain that lasted about two months, so he saw a doctor about three days later. Lee is an athletic trainer so it was difficult to work and to do day-to-day activities, because it was difficult to move his neck for two months. Aside from a couple of days, Lee did not miss work.

Krystal told Officer Deluca that his car would stall. Krystal said he had not noticed any accident. He said that he veered to the left to avoid any kind of accident because he thought he saw something in the road, but when he looked back, he did not see a collision.

At the preliminary hearing, the court reduced the charge to misdemeanor hit and run with this explanation:

> "In this case I have no doubt that the defendant knew that he hit somebody. I think his reaction after the collision is indicative that there was an impact with that vehicle and

4

enough to have him react. His four way flashers went on. Whether he activated those or they self-activated, like they do in some cars after a collision, I don't know, but that's also an unusual factor that the four-way flashers went off. So I think that the offense as described in count 1 is there. However, I'm just not convinced that this is felony conduct . . . ."

## The Defense Statement of Facts[3]

As is now known, Krystal's vehicle did in fact make contact with a cyclist's bike, leaving the cyclist uninjured. However, Krystal, given his state at the time, processed what he believed to be a close call, abruptly turned his vehicle to the left, and launched into a panicked and overwhelmed state, which is entirely consistent and expected in light of medication withdrawal and triggered PTSD in the preceding days. Due to this state, Krystal later truthfully explained that he never felt any impact and never heard any impact. Krystal does not have a normal stress reaction, due to his PTSD. In the moment of confusion and perceived "close call," Krystal experienced an acute stressor and had an acute stress reaction. He was clearly overwhelmed. He did not attempt to flee in the "normal" sense. Rather, he actually had his hazard lights on. He was driving well under the speed limit when pulled over. This was not someone in full command of his faculties, running recklessly from his own knowing and intentional misconduct. He was near the home of his friend when pulled over. This was a confused, symptomatic, and vulnerable individual who was not operating with full agency, and all evidence leading to the incident and surrounding the incident supports that.

---

[3] This is taken from Krystal's motion to grant petition for pretrial diversion pursuant to section 1001.80, filed on February 1, 2019.

Krystal was not intoxicated by any drug or alcohol. He was not otherwise engaged in an illegal activity. He has no history of such conduct.

Krystal is charged with a violation of Vehicle Code section 20002, subdivision (a), has been arraigned on that misdemeanor charge, and awaits misdemeanor trial. As a matter of law, since the case before this court accusing Krystal of a crime is a misdemeanor, Krystal hereby qualifies for pretrial military diversion pursuant to section 1001.80, subdivision (a).

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether the trial court abused its discretion in refusing to find Krystal factually innocent.

We have independently reviewed the record for error as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Krystal on this appeal.

## DISPOSITION

The judgments are affirmed.


HUFFMAN, J.*

WE CONCUR:


BUCHANAN, Acting P. J.


RUBIN, J.

---

\*     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7